UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE P. AUSTIN HALL, AS ADMINISTRATOR OF THE ESTATE OF ALEXANDRIA D. AUSTIN 330 WEST WAYNE AVENUE WAYNE, PA 19087 | : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case. No. 18-678  Judge:  Jury Demand Endorsed Hereon |
| Plaintiff, | | |
| vs. | | |
| ARIEL S. WOODARD 19015 BISCAYNE AVENUE EASTPOINTE, MI 48021 | | |
| and | | |
| ALANA M. WEDDERBURN 9 WHELAN PLACE, APT 408 YONKERS, NY 10703 | | |
| and | | |
| WILBERFORCE UNIVERSITY 1055 N BICKETT ROAD WILBERFORCE, OH 45384 | | |
| Defendants. | | |

## CIVIL COMPLAINT FOR MONETARY DAMAGES

**Parties, Jurisdiction, and Venue**

1. Plaintiff Nicole Austin-Hall ("Plaintiff"), mother of Alexandria Austin ("Decedent"), was appointed Administratix of Decedent's Estate by the Delaware County, Pennsylvania Probate Court on June 8, 2018 (Case No. 2318-1407,) and she brings this wrongful death action as the representative of Decedent's estate for the exclusive benefit of Decedent's next of kin and wrongful death beneficiaries pursuant to Ohio law.

2. Decedent, age 21 at the time of her death, permanently resided at 313 Creek Drive 121, Wayne, PA 19087 with her mother, Nicole Austin-Hall.

3. Plaintiff Nicole Austin-Hall is an adult individual currently residing at 330 West Wayne Avenue, Wayne, PA 19087

4. Defendant Ariel Woodard ("Defendant Woodard") is an adult individual currently residing at 24491 Meadowbridge Drive, Clinton Township, MI 48035.

5. Defendant Alana Wedderburn ("Defendant Wedderburn") is an adult individual currently residing at 9 Whelan Place, Apt. 408, Yonkers, NY 10703.

6. Defendant Wilberforce University ("Wilberforce") is a private university, located at 1055 N. Bickett Rd., Wilberforce, OH 45384.

7. At all times relevant hereto, Decedent, Defendant Woodard, and Defendant Wedderburn were students at Wilberforce University in Wilberforce, Ohio.

8. Subject matter jurisdiction is proper under this Court's diversity jurisdiction, 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff and Defendants, and more than seventy-five thousand dollars ($75,000), exclusive of interest and costs, is in controversy.

9. There is personal jurisdiction over the Defendants in this Court because Defendants committed tortious conduct in Greene County, Ohio and said tortious conduct is the basis for the causes of action set forth below.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the tortious conduct which is the basis for the causes of action pleaded in this Complaint occurred in this judicial district, specifically, Greene County, Ohio.

**First Claim for Relief – Negligence Resulting in Wrongful Death**

11. On the evening of September 25, 2017, and into the early morning of September 26, 2017, Decedent, Defendant Woodard, Defendant Wedderburn, and Shala Sylvester, age 19, were consuming alcohol and/or other drugs on Wilberforce University's campus, with the knowledge of Wilberforce employees.

12. At some point in the early morning hours of September 26, 2017, Decedent, Sylvester, Defendant Woodard, and Defendant Wedderburn decided to leave Wilberforce using Defendant Wedderburn's vehicle.

13. Before leaving a residence hall, Wilberforce employees knew, or should have known, that Decedent, Sylvester, and Defendants Wedderburn and Woodard were intoxicated on school grounds and intended to drive under that state.

14. Defendant Wilberforce employees allowed Decedent, Sylvester, Defendant Wedderburn, and Defendant Woodard to leave the University with knowledge of their intoxication and intent to drive.

15. On September 26, 2017, at approximately 2:33 a.m., a vehicle, owned by Defendant Wedderburn but being driven by Defendant Woodard, was traveling northbound on North Bickett Road in Greene County, Ohio when it failed to negotiate a curve and struck a gas line post and tree.

16. Decedent was killed in this crash.

17. Defendant Woodard tested positive for a blood alcohol level of .122 after the collision.

18. Defendant Woodard knew, or should have known, that operating a vehicle while impaired was dangerous and could cause serious injury and/or death.

19. Defendant Wedderburn knew, or should have known, that allowing Defendant Woodard to operate Defendant Wedderburn's vehicle while impaired was dangerous and could cause serious injury and/or death.

20. Defendant Wilberforce University knew, or should have known, that allowing impaired students to drive after consuming alcohol on school grounds and elsewhere was dangerous and could cause serious injury and/or death.

21. Decedent died as a direct and proximate result of Defendant Woodard's, Defendant Wedderburn's, and Defendant Wilberforce University's negligence, jointly and severally, including but not limited to the following:

(a) Defendant Woodard negligently drove Defendant Wedderburn's vehicle while impaired;

(b) Defendant Wedderburn negligently permitted Defendant Woodard to operate her vehicle while impaired;

(c) Defendant Wilberforce University negligently allowed students to become intoxicated on school grounds and subsequently leave in a motor vehicle; and

(c) Defendants were otherwise negligent.

**Second Claim for Relief – Survivorship Claim of Alexandria Austin**

22. Plaintiff incorporates paragraphs 1-1 as if fully rewritten herein.

23. Plaintiff states as a direct and proximate result of the negligence of Defendants, Decedent's estate also incurred reasonable medical, funeral, and burial expenses.

24. Plaintiff further states that as a direct and proximate cause of the negligence of the Defendants, Decedent suffered severe bodily injury and experienced pain, suffering, mental

4

anguish, emotional distress, as well as physician, hospital, and other medical expenses, all occurring prior to her death.

### Second Claim for Relief – Willful, Wanton, and Reckless Misconduct of Defendants Woodard and Wedderburn

25.     Plaintiff incorporates lines 1-24 as if fully rewritten herein

26.     Plaintiff states Defendants Woodard and Wedderburn engaged in willful, wanton, and reckless misconduct, as set forth above, which directly and proximately caused the Decedent's death.

27.     Plaintiff further states that as a direct and proximate cause of the willful, wanton, and reckless misconduct of these Defendants, Decedent suffered severe bodily injury and experienced pain, suffering, mental anguish, emotional distress, as well as physician, hospital and other medical expenses, all occurring prior to her death.

WHEREFORE, Plaintiff demands a judgment against Defendants, and each of them, jointly and severally, in an amount of $10,000,000 in compensatory damages, and $500,000 in punitive damages against Defendant Wedderburn and Defendant Woodard, court costs, attorney fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ John K. Fitch_____
John K. Fitch (0008119)
Trial Attorney
900 Michigan Avenue
Columbus, OH 43215
614.545.3930; 614.545.3929 – Fax
John@thefitchlawfirm.com
*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues herein.

/s/ John K. Fitch_____
John K. Fitch (0008119)
Trial Attorney
900 Michigan Avenue
Columbus, OH 43215
614.545.3930; 614.545.3929 – Fax
John@thefitchlawfirm.com
*Attorney for Plaintiff*