IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICOLE AUSTIN-HALL, as
Administratrix of the Estate of
Alexandria D. Austin,

    Plaintiff,

v.

ARIEL WOODARD, et al.,

    Defendants.

: 

:   Case No. 3:18-cv-270

:   JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO AMEND (DOC. #34); DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT WITHIN SEVEN CALENDAR DAYS; OVERRULING AS MOOT DEFENDANT WILBERFORCE UNIVERSITY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #26)

---

This case arises from the untimely death of Wilberforce University student Alexandria Austin, who was killed in an automobile accident on September 26, 2017. This matter is currently before the Court on Plaintiff Nicole Austin-Hall's Motion for Leave to file a Third Amended Complaint, Doc. #34. Based on newly-discovered evidence, Plaintiff seeks to add Shayla Sylvester as a defendant, as it now appears that Sylvester was driving the vehicle in which Alexandria Austin was a passenger on the night of the accident. Plaintiff also seeks to add additional factual allegations to support her claims of negligence, intentional misrepresentation, negligent misrepresentation and promissory estoppel against

Defendant Wilberforce University, and seeks to add a punitive damages claim against the University. Doc. #34.

Defendant Wilberforce University objects to Plaintiff's motion. Doc. #35. It notes that, although the court must freely grant leave to amend a pleading when justice so requires, Fed. R. Civ. P. 15(a)(2), the Supreme Court has held that a motion for leave to amend may be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that allowing Plaintiff to again amend her Complaint is unduly prejudicial because Defendant should not have to defend itself against a moving target. Defendant also argues that permitting the amendment would unduly delay the proceedings. It notes that Defendant's Motion for Partial Judgment on the Pleadings, Doc. #26, which is based on the Second Amended Complaint, was fully briefed as of January 17, 2019. Defendant maintains that the fees and expenses related to that filing could have been avoided if Plaintiff had moved for leave to amend shortly after the November 29, 2018, deposition during which it was discovered that Shayla Sylvester was the driver of the vehicle when the accident occurred. In addition, Defendant argues that Plaintiff's motion should be overruled because the proposed amendments are futile in that they fail to cure the deficiencies raised in the Motion for Partial Judgment on the Pleadings.

2

Finally, Defendant argues that the punitive damages claim that Plaintiff now seeks to add would not survive a motion to dismiss. Defendant therefore opposes Plaintiff's Motion for Leave to Amend.

In her reply brief, Doc. #36, Plaintiff denies that the proposed amendment is unduly prejudicial. She notes that the causes of action asserted against Wilberforce University have not changed. She is simply seeking to add further detail based on facts learned during discovery. Plaintiff denies that allowing her to amend the Complaint would unduly delay the proceedings. She notes that Defendant filed its Motion for Partial Judgment on the Pleadings just five days after the November 29, 2018, deposition in which it was learned that Sylvester was the driver of the car. Just two weeks after responding to that motion, she moved for leave to file the Third Amended Complaint. Plaintiff denies that the allegations in the Second Amended Complaint were deficient but, to the extent that the Court might find otherwise, she maintains that the Third Amended Complaint cures those deficiencies. She further argues that her punitive damages claim is adequately supported by factual allegations.

Defendant Wilberforce University impliedly concedes that Plaintiff should be entitled to amend her Complaint to add Shayla Sylvester as a defendant based on newly-discovered evidence. With respect to Plaintiff's contemporaneous attempt to support her existing claims against Wilberforce University with additional factual allegations, the Court finds that allowing these amendments is not unduly prejudicial. The claims at issue were not added until the Second

3

Amended Complaint was filed; accordingly, this is Plaintiff's first attempt to cure any pleading deficiencies with respect to those claims. There is no evidence to support a finding that Plaintiff is seeking to delay the proceedings.

Moreover, although Defendant did incur the expense of drafting the Motion for Partial Judgment on the Pleadings, it appears that most of the arguments asserted therein may be recycled should Defendant move to dismiss the Third Amended Complaint. Having read the proposed Third Amended Complaint, the Court does not find that the proposed amendments are necessarily futile. In the Court's view, any alleged deficiencies are better addressed in the context of a subsequent dispositive motion directed to that pleading.

For the reasons set forth above, the Court SUSTAINS Plaintiff's Motion to Amend, Doc. #34, and DIRECTS Plaintiff to file the Third Amended Complaint within seven calendar days of the date of this Decision and Entry. Given that the Third Amended Complaint will supersede the Second Amended Complaint, Defendant Wilberforce University's Motion for Partial Judgment on the Pleadings, Doc. #26, is OVERRULED AS MOOT.

Date: March 12, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE